# United States District Court

## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| GEOTAG, INC. | § | |
| | § | |
| v. | § | Case No. 2:10-cv-265 |
| | § | |
| FRONTIER COMMUNICATIONS CORP, | § | |
| ET AL. | § | |

| | | |
|---|---|---|
| GEOTAG, INC. | § | |
| | § | |
| v. | § | Case No. 2:10-cv-272 |
| | § | |
| YELLOWPAGES.com LLC | § | |

| | | |
|---|---|---|
| GEOTAG, INC. | § | |
| | § | |
| v. | § | Case No. 2:10-cv-569 |
| | § | |
| GEORGIO ARMANI SPA, ET AL. | § | |

| | | |
|---|---|---|
| GEOTAG, INC. | § | |
| | § | |
| v. | § | Case No. 2:10-cv-570 |
| | § | |
| AROMATIQUE, INC., ET AL. | § | |

| | | |
|---|---|---|
| GEOTAG, INC. | § | |
| | § | |
| v. | § | Case No. 2:10-cv-571 |
| | § | |
| GUCCI AMERICA, INC., ET AL. | § | |

| | | |
|---|---|---|
| GEOTAG, INC. | § | |
| | § | |
| v. | § | Case No. 2:10-cv-572 |
| | § | |
| STARBUCKS CORP, ET AL. | § | |

| | | |
|---|---|---|
| GEOTAG, INC. | § | |
| | § | |
| v. | § | Case No. 2:10-cv-573 |
| | § | |
| RENT-A-CENTER, INC., ET AL. | § | |

| | | |
|---|---|---|
| **GEOTAG, INC.** | § | |
| | § | |
| **v.** | § | **Case No. 2:10-cv-574** |
| | § | |
| **WESTERN UNION COMPANY, ET AL.** | § | |

| | | |
|---|---|---|
| **GEOTAG, INC.** | § | |
| | § | |
| **v.** | § | **Case No. 2:10-cv-575** |
| | § | |
| **ROYAL PURPLE, INC., ET AL.** | § | |

| | | |
|---|---|---|
| **GEOTAG, INC.** | § | |
| | § | |
| **v.** | § | **Case No. 2:10-cv-587** |
| | § | |
| **YAKIRA, LLC, ET AL.** | § | |

| | | |
|---|---|---|
| **GEOTAG, INC.** | § | |
| | § | |
| **v.** | § | **Case No. 2:11-cv-175** |
| | § | |
| **WHERE 2 GET IT INC., ET AL** | § | |

| | | |
|---|---|---|
| **GEOTAG, INC.** | § | |
| | § | |
| **v.** | § | **Case No. 2:11-cv-403** |
| | § | |
| **ZOOSK, INC.** | § | |

| | | |
|---|---|---|
| **GEOTAG, INC.** | § | |
| | § | |
| **v.** | § | **Case No. 2:11-cv-404** |
| | § | |
| **EYE CARE CENTERS OF AMERICA, INC.** | § | |

| | | |
|---|---|---|
| **GEOTAG, INC.** | § | |
| | § | |
| **v.** | § | **Case No. 2:11-cv-405** |
| | § | |
| **CIRCLE K STORES, INC.** | § | |

| GEOTAG, INC. | § | |
|---|---|---|
| | § | |
| v. | § | Case No. 2:11-cv-421 |
| | § | |
| AMERCO, ET AL. | § | |

| GEOTAG, INC. | § | |
|---|---|---|
| | § | |
| v. | § | Case No. 2:11-cv-424 |
| | § | |
| 7-ELEVEN, INC., ET AL. | § | |

| GEOTAG, INC. | § | |
|---|---|---|
| | § | |
| v. | § | Case No. 2:11-cv-425 |
| | § | |
| SUNBELT RENTALS, INC. | § | |

| GEOTAG, INC. | § | |
|---|---|---|
| | § | |
| v. | § | Case No. 2:11-cv-426 |
| | § | |
| CLASSIFIED VENTURES, LLC | § | |

| GEOTAG, INC. | § | |
|---|---|---|
| | § | |
| v. | § | Case No. 2:12-cv-43 |
| | § | |
| CANON, INC. | § | |

| WHERE 2 GET IT INC. | § | |
|---|---|---|
| | § | |
| v. | § | Case No. 2:12-cv-149 |
| | § | |
| GEOTAG, INC. | § | |

## <u>SCHEDULING AND DISCOVERY ORDER</u>

Before the Court are Plaintiff's motions for entry of scheduling and discovery order.[1]

---

[1] This Order is applicable to the following motions: Plaintiff's Motion for Entry of Case Management Plan and Docket Control Order in Case No. 2:10-cv-265 (Doc. No. 257); Plaintiff's Motion for Entry of Case Management Plan and

Based on a review of the case, and in accordance with the parties' Proposed Rule 26(f) Scheduling and Discovery Order, the Court enters this case specific order which controls pretrial discovery and disposition of this action pending further order of the Court.[2]

## I. SUMMARY OF CRITICAL DATES

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline to serve disclosure of asserted claims and infringement Contentions (P.R. 3-1 and 3-2) | June 27, 2012 |
| Deadline to serve initial disclosures (other than damages) (¶ 1) | August 17. 2012 |
| Deadline to serve invalidity contentions (P.R. 3-3 and 3-4) | August 17, 2012 |
| Deadline to add additional parties (¶ 2) | August 17, 2012 |
| Deadline to amend pleadings (¶ 2) | August 17, 2012 |
| Deadline to designate Lead Defendant for claim construction (¶ 5) | August 17, 2012 |
| Deadline to exchange proposed terms for construction (P.R. 4-1) | August 29, 2012 |
| Deadline to file motions to dismiss (¶ 3) | September 10, 2012 |

Docket Control Order in Case No. 2:10-cv-272 (Doc. No. 80); Plaintiff's Motion for Entry of Case Management Plan and Docket Control Order in Case No. 2:10-cv-569 (Doc. No. 97); Plaintiff's Motion for Entry of Case Management Plan and Docket Control Order in Case No. 2:10-cv-570 (Doc. No. 358); Plaintiff's Motion for Entry of Case Management Plan and Docket Control Order in Case No. 2:10-cv-571 (Doc. No. 310); Plaintiff's Motion for Entry of Case Management Plan and Docket Control Order in Case No. 2:10-cv-572 (Doc. No. 320); Plaintiff's Motion for Entry of Case Management Plan and Docket Control Order in Case No. 2:10-cv-573 (Doc. No. 223); Plaintiff's Motion for Entry of Case Management Plan and Docket Control Order in Case No. 2:10-cv-574 (Doc. No. 458); Plaintiff's Motion for Entry of Case Management Plan and Docket Control Order in Case No. 2:10-cv-575 (Doc. No. 414); Plaintiff's Motion for Entry of Case Management Plan and Docket Control Order in Case No. 2:10-cv-587 (Doc. No. 243); and Plaintiff's Motion for Entry of Case Management Plan and Docket Control Order in Case No. 2:11-cv-175 (Doc. No. 216).

[2] The parties are reminded that the Court's Protective Order and Order Regarding E-Discovery remain in effect.

| Deadline to exchange privilege logs (¶ 4) | September 10, 2012 |
|---|---|
| Deadline to exchange preliminary claim construction and extrinsic evidence (P.R. 4-2 and ¶ 5) | September 17, 2012 |
| Deadline to file Joint Claim Construction and Prehearing Statement (P.R. 4-3 and ¶ 5) | October 11, 2012 |
| Deadline to submit **required** tutorial | October 11, 2012 |
| Discovery deadline—claim construction | November 12, 2012 |
| Deadline to file opening claim construction brief (P.R. 4-5(a) and ¶ 5) | November 28, 2012 |
| Deadline to file response to claim construction brief (P.R. 4-5(b) and ¶ 5) | December 11, 2012 |
| Deadline to file motion for summary judgment of indefiniteness (¶ 5) | December 11, 2012 |
| Deadline to file letter briefing related to claim construction or summary judgment for indefiniteness (¶ 5) | December 18, 2012 |
| Deadline to file reply to claim construction brief (P.R. 4-5(c) and ¶ 5) | December 18, 2012 |
| Deadline to file response to motion for summary judgment of indefiniteness (¶ 5) | December 18, 2012 |
| Deadline to file reply to motion for summary judgment of indefiniteness (¶ 5) | January 4, 2013 |
| Deadline to file claim construction chart (P.R. 4-5(d) and ¶ 5) | January 4, 2013 |
| Claim construction hearing (i.e. *Markman* hearing) (P.R. 4-6 and ¶ 5) | **January 24, 2013 at 9:00 a.m. in TYLER, TEXAS** |
| Deadline to serve damages disclosures (¶ 1) | February 12, 2013 |
| Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof (¶ 6) | February 26, 2013 |
| Deadline to disclose willfulness opinions (P.R. 3-7) | March 11, 2013 |
| Deadline to file letter briefs regarding dispositive motions (¶ 9) | April 15, 2013 |
| Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof (¶ 6) | March 25, 2013 |
| Deadline to notify Court of mediator (¶ 8) | April 11, 2013 |

| | |
|---|---|
| Discovery deadline (¶ 7) | April 25, 2013 |
| Deadline to complete **required** mediation (¶ 8) | May 2, 2013 |
| Deadline for dispositive motions (including *Daubert* motions) (¶ 9) | June 11, 2013 |
| Deadline for parties to exchange pretrial disclosures (¶ 10) | July 11, 2013 |
| Deadline to notify Court of daily transcript or realtime request (¶ 11) | August 7, 2013 |
| Deadline for parties to exchange objections to pretrial disclosures   (¶ 10) | July 25, 2013 |
| Deadline for parties to meet and confer on resolving objections (¶ 12) | August 1, 2013 |
| Deadline to file pretrial materials (¶ 13) | September 6, 2013 |
| Deadline for parties to exchange exhibits (¶ 14) | October 2, 2013 |
| Pretrial conference and trial setting (¶ 15) | **October 7, 2013 at 9:00 a.m. in TYLER, TEXAS** |

## II. DETAILED INSTRUCTIONS

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure[3] and the local rules of this Court (except as modified herein), the Court, having considered the joint report submitted by the parties, finds that the schedule set forth above governs the disposition of this case.

Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure and the local rules of this Court must be observed.

**The deadlines imposed in this order are firmly in place, absent the few exceptions set forth below. The Court has reviewed and taken into consideration the parties' Joint Discovery/Case Management Plan. In so doing, the Court assumes that the parties thoroughly discussed the issues prior to submitting their joint plan. Accordingly, a party is not excused from the requirements of this order because it has not completed its investigation of the case or because another party has not**

---

[3] Unless otherwise noted, all references to "Rules" in this order refer to the Federal Rules of Civil Procedure.

**complied with the deadlines. A party is not excused from the requirements and deadlines set forth due to the status of pending motions, including dispositive motions, motions to change venue, or motions for continuance.**

1. **Initial Disclosures:**    To the extent any such information is not required by the Local Patent Rules to be disclosed at an earlier date, Initial Disclosures must be completed by the date set in the Scheduling and Discovery Order. Initial Disclosures consist of the disclosures required by Rule 26(a)(1) and the information listed below:

   a. the correct names of the parties to the lawsuit;

   b. the name, address, and telephone number of any potential parties;

   c. the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

   d. the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;

   e. any indemnity or insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

   f. any settlement agreements relevant to the subject matter of this action;

   g. a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and ***that are relevant to the claim or defense of any***

_**party**_.

_**Initial disclosures do not include materials related to damages.**_

Because documents relevant to any claim or defense are to be produced, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

**Damages Disclosures:** Damages Disclosures must be completed by the date set forth above, unless such information is required by the Local Patent Rules to be disclosed at an earlier date. Damages Disclosures consist of the disclosures required by Rule 26(a)(1)(A)(iii) including a complete computation of any category of damages claimed by any party to the action. The parties must also make available for inspection and copying the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

**Duty to Supplement:** Each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

2.    **Joinder of Additional Parties or Amendment of Pleadings:** All joinder of additional parties or amendments of pleadings must be filed by the date

listed above. Fed. R. Civ. P. 16(b)(1). Parties must request leave to amend pursuant to P.R. 3-6(b) if the amended pleadings will affect infringement or invalidity contentions. A request for leave is also required if the amendment seeks to add a new patent. Otherwise, a request for leave is not required.

3.   **Motions to Dismiss:** All motions asserting defenses under **Rule 12(b)(6)** must be filed by the date listed above.

4.   **Privilege Logs:** There is no duty to disclose privileged documents or information, but the parties must exchange privilege logs by the deadline set forth in this order. No later than thirty days after exchanging privilege logs, any party may move the Court for an order compelling the production of any documents or information identified on any party's privilege log.

5.   **Claim Construction:** For efficiency purposes, one Defendant will be designated as the Lead Defendant for briefing and arguing the claim construction issues raised in this case. Defendants must file a joint notice designating the Lead Defendant ten (10) days prior to the deadline to exchange proposed terms for construction (pursuant to P.R. 4-1 and this order). The Court will designate a Lead Defendant if the Defendants are unable to agree.

On behalf of all Defendants, the Lead Defendant must comply with the requirements of P.R. 4-2, 4-3, and 4-5(d) and fully brief the claim construction issues and the motion for summary judgment of indefiniteness pursuant to the deadlines set forth in this order. The Lead Defendant must coordinate with the other Defendants throughout the claim construction

stage. This includes briefing all of the terms requested by substantially all of the Defendants. Accordingly, the Lead Defendant should confer with all of the Defendants to identify a reasonable number of terms for construction. The Court expects Defendants to reach a cost-sharing arrangement regarding the costs incurred by the Lead Defendant. (Parties in all cases should be given notice of all communications between the Plaintiff and Lead Defendant. All filed documents must be filed simultaneously in all of the related cases that are governed by this order, using a serial caption similar to the one used in this order.)

After the Lead Defendant files the responsive claim construction brief and the motion for summary judgment of indefiniteness (if any), the remaining Defendants may file a letter brief requesting leave to submit briefing on additional issues. The letter brief should concisely list the issue(s) and state why additional briefing is needed. Letter briefs should not exceed five (5) pages single spaced, and must be filed within seven (7) days after the Lead Defendant files the responsive claim construction brief and the motion for summary judgment of indefiniteness. The Court expects Defendants to cooperate with the Lead Defendant in preparing the briefing to limit the number of letter briefs filed. Plaintiff shall not respond to the letter briefs unless ordered by the Court.

6.  **Experts:**

a.      **Designation of Expert(s) and Report(s) by Party With the Burden of Proof:** Unless otherwise stipulated or directed by order, each party must file a

written designation of the name and address of each expert witness who will testify at trial on each issue for which that party bears the burden of proof. The party must also otherwise comply with Rule 26(a)(2)—including disclosure of the expert report(s). ***Each party is limited to two testifying expert witnesses.***

b.    **Designation of Expert(s) and Report(s) on Issues on Which the Party Does Not Bear the Burden of Proof:** Unless otherwise stipulated or directed by order, each party must file a written designation of the name and address of each expert witness who will testify at trial on each issue for which that party does not bear the burden of proof. The party must also otherwise comply with Rule 26(a)(2)—including disclosure of the expert report(s). ***Each party is limited to two testifying expert witnesses.***

c.    **Rebuttal Expert(s):** If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosures required under Rule 26(a)(2) must be made within **30 days** after the disclosure made by the other party. Fed. R. Civ. P. 16(b)(1).

d.    **Challenges to Experts:** The parties are directed to file any objections to, or motions to strike or exclude expert testimony no later than the deadline for dispositive motions. *See* ¶ 8.

7.    **Completion of Discovery:** All discovery—including discovery concerning expert witnesses—must be completed by the date listed above. The parties may agree to extend this discovery deadline, provided (i) the extension **does not affect** the trial setting, dispositive motions deadline, challenges to experts deadline, or pretrial submission deadline; and (ii) **written notice** of the extension is given to the Court.

**Absent further order of this Court, each party's discovery in this cause is limited to the disclosures described in this order and the Local Patent Rules, together with the following limitations:**

**Interrogatories:**
Both Plaintiff and Defendants collectively are permitted fifteen (15) common interrogatories. A common interrogatory, when served by Plaintiff, is an interrogatory served on substantially all Defendants by Plaintiff. A common interrogatory, when served by Defendants, is an interrogatory served on Plaintiff by substantially all Defendants. Plaintiff may serve up to ten (10) additional interrogatories on each individual Defendant or Defendant Group pertaining to that Defendant or Defendant Group. Each Defendant or Defendant Group may serve up to ten (10) additional interrogatories on Plaintiff pertaining to that Defendant or Defendant Group.

Plaintiff also is permitted ten (10) interrogatories pertaining to the issue of venue with respect to any Defendant or Defendant Group that has filed a motion to transfer.

**Requests for Admission:**
Both Plaintiff and Defendants collectively are permitted to serve thirty (30) common requests for admission for issues other than authentication of documents. A common request for admission, when served by Plaintiff, is a request for admission served on substantially all Defendants by Plaintiff. A common request for admission, when served by Defendants, is a request for admission served on Plaintiff by substantially all Defendants. Plaintiff may serve up to fifteen (15) additional individual requests for admission for issues other than authentication on each Defendant or Defendant Group pertaining to that Defendant or Defendant Group. Each Defendant, or Defendant Group, may serve up to fifteen (15) additional individual requests for admission on Plaintiff for issues other than authentication pertaining to that Defendant or Defendant group. Both Plaintiff and Defendants

collectively are permitted an unlimited number of requests for admission for authentication of documents.

**Total Fact Depositions:**
Defendants jointly may take up to 265 hours of oral fact depositions (this excludes expert depositions and Rule 30(b)(6) depositions), and each Defendant or Defendant Group may take fourteen (14) hours of deposition testimony on issues pertaining to that Defendant or Defendant Group. Plaintiff may take a maximum of fourteen (14) hours of depositions of persons employed by or affiliated with each Defendant or Defendant Group. Plaintiff may take up to seventy (70) hours of depositions of third parties in all cases.

**Party Depositions Under Rule 30(b)(6):**
Plaintiff may take up to fourteen (14) hours of 30(b)(6) deposition testimony of each Defendant or Defendant Group. Defendants jointly may take up to thirty (30) hours of 30(b)(6) deposition testimony of Plaintiff, and each Defendant or Defendant Group individually may take up to three (3) hours of deposition testimony of Plaintiff on issues particularly pertaining to the allegations asserted against that Defendant or Defendant Group.

**Expert Depositions:**
Plaintiff may take up to seven (7) hours of deposition testimony of any expert witness for any Defendant or Defendant Group for each expert report submitted by the expert, and, for any witness for a Defendant or Defendant Group who submits an invalidity report, Plaintiff may take up to one (1) hour of additional deposition testimony of that expert for each prior art reference in excess of ten (10) prior art references relied upon in the report.

A Defendant or Defendant Group may take up to seven (7) hours of deposition testimony of any expert witness for Plaintiff for each expert report submitted by the expert, except that, for any expert witness for Plaintiff who submits an expert report on the issue of infringement or damages with respect to multiple

defendants, the deposition of that expert shall be limited to two (2) hours of joint examination by the named Defendants or Defendant Groups with an additional five (5) hours of examination by each individual defendant on issues in the report particularly pertaining to that Defendant or Defendant Group.

**Depositions on Written Questions:**
There are no limits on the number of depositions upon written questions taken pursuant to Rule 31.

**Deposition Limits:**
Unless otherwise agreed, the daily limit of seven (7) hours shall apply to all depositions. Time will count whether used in direct examination or cross-examination of any witness.

The parties and counsel in the cases listed above are directed to coordinate their discovery efforts to avoid duplication and otherwise promote efficiency. Specifically, depositions should be cross-noticed in all cases listed above. Counsel should confer in advance to schedule depositions at mutually convenient times and places. In view of the number of attorneys involved in these cases, the unavailability of some counsel is not grounds for delaying a deposition if another attorney from the same firm or who represents a party with similar interests is available.

The parties should keep in mind the need to avoid subjecting any person to repeated depositions. As a general rule, no witness should be deposed on the same subject more than once in this litigation. The parties are advised that the Court will deem depositions of opposing parties and their employees or representatives admissible against parties involved in related ligation, pursuant to Federal Rule of Evidence 801(d)(2).

Counsel and representatives of the parties in each of the cases listed above may attend depositions. Unnecessary attendance by counsel is discouraged. While a witness is examined about the contents of any documents designated Confidential, those to whom disclosure is not authorized under the Court's Protective Order shall be excluded.

Counsel are directed to contact the chambers of the undersigned for any "hotline" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f).   If the undersigned is not available, the parties must proceed in accordance with Local Rule CV-26(f).

8.   **Mediation:** The parties must file a **Joint Report** informing the Court of their choice of an agreed-upon mediator. In the event the parties are unable to agree upon a mediator, the parties must file a notice indicating the deadlock. The parties will be required to mediate their case pursuant to the Court-Annexed Mediation Plan. *See* Local Rule App. H.

9.   **Dispositive Motions:** Prior to filing any motion that would dispose of all or any part of this case (including motions for **summary judgment, motions to strike experts, and *Daubert* motions**) the parties must submit a letter brief seeking permission to file the motion. The opening letter brief in each of those matters shall be no longer than five (5) pages and shall be filed with the Court no later than sixty (60) days before the deadline for filing summary judgment motions. Answering letter briefs in each of those matters shall be no longer than five (5) pages and filed with the Court no later than fourteen (14) days thereafter. Reply briefs in each of those matters

shall be no longer than three (3) pages and filed with the Court no later than five (5) days thereafter. The Court may decide the question on the submissions or hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted.

For all of the above mentioned motions, the letter briefs shall be filed without exhibits. Any requests to submit letter briefs after the deadlines outlined above must show good cause.

If the Court grants leave to file, the dispositive motion must be filed by the date listed above. The parties are reminded of the page limits set forth in Local Rule CV-7(a)(1) (e.g., no more than thirty pages per motion). Additionally, if more than one summary judgment motion is filed, the parties are reminded of the limitations set forth in Local Rule CV-7(a)(3) (e.g., no more than sixty pages total for all summary judgment motions filed). The Court will disregard any pages exceeding these limits.

10.  **Pretrial Disclosures and Objections:** Unless otherwise directed by order, the parties must serve the disclosures required by Rule 26(a)(3)(A) by the pretrial disclosure deadline listed above. (The parties need not file this information with the Court until the deadline to file pretrial materials.) With respect to the identification of witnesses who will be called by deposition, the parties must also identify the portions of the deposition transcript that they intend to use.

Within **14 days thereafter,** a party must serve a list disclosing any objections, together with the grounds therefor, to: (i) the use under Rule

32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); (ii) the admissibility of materials identified under Rule 26(a)(3)(A)(iii); and (iii) the use of any witnesses (except for expert objections) identified under Rule 26(a)(3)(A)(i),[4] if any. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the Court for good cause.

11. **<u>Notice of Request for Daily Transcript or Real Time Reporting:</u>** If either daily transcript or realtime reporting of the court proceedings is requested for trial, the party or parties making the request must file a notice with the Court and e-mail the court reporter, Ms. Jan Mason, at Jan_Mason@txed.uscourts.gov. In no event should this date be less than sixty days before the pretrial conference.

12. **<u>Meet and Confer Requirement:</u>** The parties are expected to cooperate in the exchange of information to ensure that objections may be timely filed. The parties also must adhere to the meet and confer requirement set forth in Local Rule CV-7(h) **<u>before filing their objections to pretrial materials</u>**. This will help to narrow issues that are *actually* in dispute. The Court will exclude any exhibit offered at trial unless the parties timely comply with this section.

13. **<u>Pretrial Materials:</u>** All pretrial materials must be filed by the date listed above. Specifically, by this date the parties must file the following:

---

[4] Requiring parties to file objections to witnesses disclosed under Rule 26(a)(3)(A) is a modification of the requirements of Rule 26(a)(3)(B), which only requires that the parties file objections to deposition designations and exhibits.

a. **<u>Pretrial Order:</u>** A joint proposed pretrial order must be submitted by Plaintiff's attorney. *See* Local Rule App. D. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney must submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate). Each party may present its version of any disputed matter in the joint pretrial order; therefore, failure to agree upon content or language is **not an excuse for submitting separate pretrial orders**. When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case.

b. **<u>Witness List:</u>** A list of witnesses, in alphabetical order, must be filed by each party (a sample form is available on the Court's website, www.txed.uscourts.gov). The list must divide the persons listed into groups of **"will call," "may call," and "may, but probably not call"** and must provide:

(i)     the **names and addresses** of each witness;

(ii)    a **brief narrative summary** of the testimony;

(iii)   whether the witness has been **deposed**; and

(iv)    the **expected duration** of direct and cross-examination of the witness.

c. **<u>Exhibit List and Deposition Testimony Designation:</u>** A list of exhibits (including demonstrative exhibits) and a designation of portions of depositions that a party in good faith intends to offer at trial must be filed by each party. Regarding the exhibits, the parties must adhere to the following requirements:

(i)     Describe with specificity the documents or things in numbered sequence.

(ii)    Exhibits must be numbered numerically and

in succession, and must be marked with the case number. They must be marked **before trial** with official exhibit stickers. If there are multiple parties, exhibit numbers must be followed by the party's last name, i.e., "PX1-Jones" or "DX1-Miller."

WHENEVER A MULTI-PAGE-EXHIBIT IS USED, EACH PAGE OF AN EXHIBIT MUST BE SEPARATELY NUMBERED. FOR EXAMPLE, IF PLAINTIFF'S EXHIBIT 1 IS A THREE-PAGE DOCUMENT, THE FIRST PAGE SHOULD BE MARKED AS "PX1-1," THE SECOND PAGE MARKED AS "PX1-2," AND THE THIRD PAGE MARKED AS "PX1-3."

    **(iii)** Each party must also file written objections to the opposing party's exhibits and deposition designations or a notice of no objections. Objections must be filed with the proposed pretrial order and should identify the contested exhibit by number and **explain in detail** the legal basis for the objection. The parties should organize their objections into discrete categories. Responses to objections are due within two business days of the filing of the objections.

    d.    **Jury Instructions in Jury and Non-Jury Trials:** Proposed jury instructions and verdict forms must be filed jointly. If the parties disagree on the proposed instruction, Plaintiffs should italicize their proposed language, and Defendants should underline their proposed language. The basis for and legal authority supporting each party's proposed language should be set forth in footnotes. The Court may seat an advisory jury in a non-jury case. Thus, the parties are required to file proposed jury instructions even if the parties have not demanded a jury.

    e.    **Proposed Findings of Fact and Conclusions of Law:** In a case involving factual issues to be resolved by the Court, proposed findings of fact and

conclusions of law must be filed by each party. Counsel should draft proposed findings in neutral language, avoiding argument, and identifying the evidence expected to establish each finding. Counsel should set forth the proposed findings of fact and conclusions of law in separate sections composed of concise and separately numbered paragraphs. The Court may seat an advisory jury in a non-jury case. Thus, the parties must also file proposed jury instructions even if the parties have not demanded a jury trial.

f. **<u>Limited Number of Motions in Limine:</u>** Motions in limine should not be filed as a matter of course. Parties may file motions in limine on no more than **TEN discrete topics** (no subparts) that are actually in dispute. (Good faith compliance with the conference requirements of Local Rule CV-7(h) will help to narrow issues that are *actually* in dispute). The Court will strike all motions in limine that contain boilerplate requests, that exceed ten topics, or that cover undisputed issues. The moving party must promptly notify the Court in the event parties resolve any of the motions in limine. Responses to motions in limine are due within two business days of the filing of the motion.

g. **<u>Voir Dire:</u>** The parties must file any proposed voir dire questions which the Court is requested to ask during its examination of the jury panel.

h. **<u>Trial Briefs:</u>** Trial briefs may be filed by each party. In the absence of a specific order of the Court, trial briefs are not required, but are welcomed. The briefing should utilize Fifth Circuit, Federal Circuit, and Supreme Court authority or relevant state authority to address the issues the parties anticipate will arise at trial.

14. **<u>Exchange of Exhibits:</u>** No later than **three business days before the pretrial conference,** counsel for each party intending to offer exhibits must **exchange a complete set** of marked exhibits (including demonstrative

exhibits) with opposing counsel.

15.    **Pretrial Conference:** A pretrial conference in the case is set on the date and at the location indicated above. Lead counsel for each party must attend, or, if the party is proceeding pro se, the party must attend. Fed. R. Civ. P. 16 (c),(d). Lead counsel and pro se parties must have the authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial. *Id.* All pretrial motions not previously decided will be addressed at that time, and procedures for trial will be discussed. **At the final pretrial conference, the parties will be assigned a specific trial date beginning within four weeks of the final pretrial conference.** Parties should be prepared to conduct jury selection at any time after the final pretrial conference.

At the final pretrial conference, the parties must submit to the Court one copy of marked exhibits.

16.    **Modification of Scheduling and Discovery Order:** As addressed above, this order will control the disposition of this case unless it is modified by the Court upon a showing of **good cause** and by **leave of court.** Fed. R. Civ. P. 16(b). Any request that the trial date of this case be modified must be made **in writing** to the Court **before** the deadline for completion of discovery. Neither pending motions nor the failure to complete discovery establish good cause for a continuance.

17.    **Sanctions:** Should any party or counsel fail to cooperate in doing anything required by this order, such party or counsel or both may be subject to

sanctions. If the *Plaintiff* does not timely file the required pretrial material, the case will be dismissed. If the *Defendant/third party* does not timely file the required (or other) pretrial material, a default will be entered or the Defendant/third party will not be permitted to present witnesses or exhibits at trial. Fines or other sanctions, if appropriate, may also be imposed under Rule 16(f). **Failure to list a witness, exhibit, or deposition excerpt as required by this order** will be grounds for exclusion of that evidence. This does not apply to testimony, exhibits, or deposition excerpts offered for impeachment; further, the use of unlisted witnesses, exhibits, or deposition excerpts for rebuttal will be permitted if the attorneys could not have reasonably anticipated their need for that evidence.

**It is SO ORDERED.**

**SIGNED this 2nd day of August, 2012.**



_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE